**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **COMMONWEALTH RENEWABLE ENERGY, INC.,** | Bankruptcy No. 14-22724-GLT |
| Debtor. | Chapter 11 |
| | Doc. No.: |
| **RUTH F. ANDERSON and KATHY L. ANDERSON, as the executor of The ESTATE OF WILLIAM E. ANDERSON,** | |
| Movants, | |
| vs. | |
| **COMMONWEALTH RENEWABLE ENERGY, INC.,** | |
| Respondent. | |

**MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**

AND NOW, comes Ruth F. Anderson and Kathy L. Anderson, as executor of The Estate of William E. Anderson, the Movants herein, by and through their undersigned counsel, file the within **MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**, and in support thereof, state as follows:

1. The Movants are Ruth F. Anderson and Kathy L. Anderson, as executor of The Estate of William E. Anderson.

2. The within case was commenced on July 3, 2014, when the Debtor filed a voluntary Chapter 11 Petition with this Honorable Court. The initial business purpose of the Debtor was the construction and operation of an ethanol

plant in Westmoreland County, Pennsylvania. The plant was never constructed or operated by the Debtor.

3. Contemporaneously with this Motion, the Movants are also filing a Motion to Dismiss, and the averments of that Motion are incorporated herein by reference.

**JURISDICTION AND VENUE**

4. This proceeding is a "core" proceeding over which this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**BACKGROUND**

6. On November 21, 2006, the Debtor executed a Judgment Note (the "Note") in favor of William E. Anderson and Ruth F. Anderson, in the maximum principal amount of $20,000,000.00. A true and correct copy of the Note is attached hereto as **Exhibit A.**

7. Also on November 21, 2006, Mr. and Mrs. Anderson loaned the Debtor the principal amount of $7,022,428.37 (the "Loan"), under and pursuant to the terms of the Note.

8. To secure repayment of the Loan made to the Debtor pursuant to the Note, the Debtor also delivered to Mr. and Mrs. Anderson an Open-End Leasehold Mortgage and Security Agreement (the "Mortgage"), effective November 21, 2006. Through the Mortgage, the Debtor granted a first position mortgage lien on the premises described therein, which is the site of the former Sony plant (the "Mortgaged Premises"). The Mortgage was duly recorded in the

Office of the Recorder of Deeds of Westmoreland County at Instrument Number 20060061819. A true and correct copy of the Mortgage is attached hereto as **Exhibit B.**

9. The Loan Term, as defined in the Note, commenced on the date that the Note and Mortgage were executed and continued for six months thereafter (the "Maturity Date"), which Maturity Date was May 21, 2007. If not paid sooner, the entire principal balance of the Loan, together with any accrued interest, was due and payable on the Maturity Date.

10. Pursuant to the Note, the Debtor was required to make monthly payments of interest only on the outstanding principal amount of the Loan, beginning the first day of December, 2006, and to continue making said payments until all payments of principal and interest were paid in full.

11. The Note matured on May 21, 2007, and the Debtor has failed and refused to pay the sums due thereunder, and in fact, as of the date of the filing of this Chapter 11 case, the Debtor owes in excess of $13.3 million to the Movants.

12. The last payment made to the Movants occurred on August 6, 2007, and no payments have been made to the Movants since that date, despite the entire amount of the Loan being due.

13. Due to the Debtor's default, the Movants' filed a Complaint in Mortgage Foreclosure against the Debtor in the Court of Common Pleas of Westmoreland County on or about October 26, 2010.

14. That action has been stayed by the filing of the instant Chapter 11 case by the Debtor.

15. At the time the Debtor filed this Chapter 11 case, argument on the Movants' Motion for Summary Judgment was pending with the Court of Common Pleas of Westmoreland County and was scheduled for August 27, 2014, before the Honorable Christopher A. Feliciani.

## RELIEF REQUESTED

16. The Movants respectfully request that this Court enter an Order pursuant to Section 362(d)(1) and (d)(2) of the Bankruptcy Code lifting the automatic stay provisions of 11 U.S.C. §362 for the purpose of allowing the Movant to proceed with a civil action against the Debtor in order to litigate the foreclosure action to conclusion.

17. 11 U.S.C. 362(d)(1) and (2) states:

> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> **(2)** with respect to a stay of an act against property under subsection (a) of this section, if--
>>
>>> **(A)** the debtor does not have an equity in such property; and
>>>
>>> **(B)** such property is not necessary to an effective reorganization;

18. The purpose of the automatic stay is "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or

rehabilitation of the debtor." *St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982). However, the automatic stay is not meant to be absolute, and in appropriate instances relief may be granted. *Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood)*, 878 F.2d 693, 697 (3d Cir. 1989).

19. Pursuant to Section 362(d)(1) of the Bankruptcy Code, the Bankruptcy Court shall grant relief from the automatic stay for cause shown. Cause for granting relief from the automatic stay includes lack of adequate protection.

20. In the present case, the Debtor has failed to make any adequate protection payments to the Movants, and in fact, lists the Movants' claim as being disputed.

21. As such, the Movants are entitled to relief from the automatic stay due to lack of adequate protection of their security interest in the real property of the Debtor.

22. Other cause also exists for the granting of relief from stay by this Honorable Court.

23. "Cause" is not defined in the Bankruptcy Code and must be determined on a case by case basis. *In re Brown*, 311 B.R. 409, 412-13 (E.D.Pa. 2004).

24. In the present case, the only secured claims, all of which are allegedly secured by mortgages on the Mortgaged Premises, belong to the Movants' herein, and two insiders of the Debtor, namely Stephen C. Frobouck,

who is identified as the President, Director and one-third owner of the Debtor and Steven Savor, Jr., who is identified as the Secretary, Treasurer, Director and one-third owner of the Debtor.

25. Despite identifying the claims of Frobouck and Savor as mortgages on the real property of the Debtor, said mortgages have been voluntarily released by those individuals. A true and correct copy of a letter sent by Kirk B. Burkley to that effect is attached hereto as **Exhibit C.**

26. As such, the stay is being utilized herein for the sole purpose of delaying the pending Mortgage Foreclosure Action brought by the Movants in the Court of Common Pleas of Westmoreland County.

27. Given that the Movants and insiders are the only secured creditors of this Debtor, and there are no other claimants disclosed by the Debtor which have an interest in the real estate, and that this is nothing more than a single creditor case brought to stall the pending Mortgage Foreclosure Action, relief from stay to resolve the allegedly disputed Mortgage Foreclosure claim of the Movants' is appropriate.

28. This is especially the case since the Foreclosure Action has been pending since 2010, and is now ripe for determination by the Court of Common Pleas of Westmoreland Action.

29. Furthermore, relief is appropriate pursuant to 11 U.S.C. 362(d)(2).

30. The Movants' aver that the Mortgaged Premises do not have any equity.

31. In fact, the Debtor identifies liens on the property in the

approximate amount of $33,000,000.00, all the while claiming it does not know the value of the real estate. In fact, the fair market value of the real estate is less than the secured claim of the Movants'.

32. Furthermore, the property is not required for the effective reorganization of the Debtor, as the Debtor has generated nominal income from its ownership of the property, and in fact, does not even generate sufficient income to pay its tax obligations.

33. Alternatively, as a secured creditor of the Debtor, the Movants' are entitled to adequate protection payments from the Debtor in an amount sufficient to adequately protect the Movants during the pendency of this case.

WHEREFORE, Movants respectfully request that this Court grant this Motion for Relief from the Automatic Stay, together with any other relief this Honorable Court deems just and proper.

Respectfully submitted,

Date: <u>August 26, 2014</u>   <u>*/s/ Robert O Lampl*</u>
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. # 62297
DAVID L. FUCHS
PA I.D. # 205694
Counsel for the Movant
960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com

AND

STANLEY J. LEHMAN
PA I.D. # 31455
KAREN Y. BONVALOT
PA I.D. # 70575
SHERRARD, GERMAN & KELLY, P.C.
535 Smithfield Street, Suite 300
Pittsburgh, PA 15222
(412) 355-0200 (phone)
(412) 261-6221 (facsimile)
Emails:   sjl@sgkpc.com
              kyb@sgkpc.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

**COMMONWEALTH RENEWABLE ENERGY, INC.,**

       **Debtor.**

**RUTH F. ANDERSON and KATHY L. ANDERSON, as the executor of The ESTATE OF WILLIAM E. ANDERSON,**

       **Movants,**

   vs.

**COMMONWEALTH RENEWABLE ENERGY, INC.,**

       **Respondent.**

Bankruptcy No. 14-22724-GLT

Chapter 11

Doc. No.:

## CERTIFICATE OF SERVICE

I, Robert O Lampl, hereby certify that on the 26th day of August, 2014, a true and correct copy of the foregoing **MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION** was served upon the following, *(via Electronic Service or First-Class U.S. Mail)*:

Joseph M. Fornari, Jr.
Office of the U.S. Trustee
1001 Liberty Avenue
970 Liberty Center
Pittsburgh, PA  15222

Paul J. Cordaro
Campbell & Levine LLC
1700 Grant Building
Pittsburgh, PA 15219
Email: pjc@camlev.com

/s/ Robert O Lampl
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. # 62297
DAVID L. FUCHS
PA I.D. # 205694
Counsel for the Petitioning Creditor
960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com