## JUDGMENT NOTE

$20,000,000.00                                                      Pittsburgh, Pennsylvania

November 21, 2006 

FOR VALUE RECEIVED, COMMONWEALTH RENEWABLE ENERGY, INC., a Pennsylvania corporation, having a current mailing address of One Fox Chapel Place, 1090 Freeport Road, Pittsburgh, Pennsylvania 15238 (hereinafter referred to as the "Borrower"), promises to pay to the order of WILLIAM E. ANDERSON and RUTH F. ANDERSON, ("Lender"), at 121 McCurdy Drive, Pittsburgh, Pennsylvania 15235, the maximum principal sum of TWENTY MILLION DOLLARS ($20,000,000.00) (the "Loan"), advanced under the terms of this Note, together with interest from the date of disbursement, on the outstanding balance thereof, at the rates and in the installments as hereinafter provided.

### DEFINITIONS:

**Initial Acquisition Draw** - The disbursement of SIX MILLION SEVEN HUNDRED THOUSAND DOLLARS ($6,700,000.00) to be used by Borrower to pay to Seller, Sony Electronics Inc., to acquire the Mortgaged Premises. The Acquisition Draw shall be made by wire transfer to Chicago Title Insurance Company on the closing of the purchase of the Mortgaged Premises.

**Initial Development Draws** - The disbursement of up to THIRTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($13,300,000.00) to be used to pay any payment required under the Purchase and Sale Agreement to PIDA or other public agencies, as may be required under existing loans, grants, leases and other financing vehicles and to start the modifications to the Mortgaged Premises required to convert it to its new use. All such disbursements shall be disbursed based on submission of invoices to Lender by Borrower.

{H:\CLIENTS\33031\0000 H0380002;2}

-1-




EXHIBIT A

A00001

**Improvements** - The construction of any building improvements and all improvements and amenities relating to structures located on the Mortgaged Premises.

**Loan** - The Loan made pursuant to the Loan Agreement and pursuant to the terms of this Note in an amount not to exceed the Loan Amount.

**Loan Amount** - TWENTY MILLION DOLLARS ($20,000,000.00).

**Loan Closing** - The time of delivery and execution of all Loan Security Documents.

**Loan Security Documents** - All documents and items considered by Lender to be related to the Loan, including but not limited to (a) this Note; (b) the Open-End Leasehold Mortgage and Security Agreement of even date herewith between Borrower and Lender ("Mortgage"); (c) the financing statements of even date herewith executed by Borrower in favor of Lender; (d) the Environmental Indemnity Agreement of even date herewith executed by Borrower in favor of Lender; and (e) all other miscellaneous documents executed or given in connection with the Loan. All Loan Security Documents shall be in form and substance satisfactory to Lender.

**Loan Term** - The period of time which shall commence upon Loan Closing, and shall continue for a period of six (6) months thereafter (the "Maturity Date").

This Judgment Note is secured, _inter alia_, by the Mortgage encumbering that certain real property located partly in the Township of Hempfield and partly in the Township of East Huntingdon, County of Westmoreland, and Commonwealth of Pennsylvania, as more particularly described on Exhibit "A" attached hereto, leased by Borrower pursuant to a Lease dated November _20_, 2006, with Pennsylvania Industrial Development Authority, a Memorandum of which is recorded in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania, in DBV ___X___ page ___X___, Instrument No. _200612060059390_, and all buildings, improvements, fixtures and personal property (used or useful in connection with the operation of the real property) leased or

{M:\CLIENTS\33031\0000 H0380002:2}

-2-

A00002

owned by Borrower and located or to be located thereon (collectively, the "Mortgaged Premises"), and by the other Loan Security Documents.

1. <u>Interest</u>. During the Loan Term, interest shall be charged on the principal balance of the Loan at the rate of Eight percent (8%) per annum.

2. <u>Payments</u>. During the Loan Term, Borrower shall pay monthly installments of interest only on the principal amount outstanding under the Loan commencing on the first day of the first month following the Loan Closing, and on the first (1st) day of each succeeding calendar month thereafter. The monthly payments of interest only are payable in arrears and shall continue until the Maturity Date.

3. <u>Maturity</u>. If not sooner paid, the entire principal balance of the Loan, together with any accrued interest thereon and all other sums and costs advanced, incurred or otherwise outstanding in connection with such Loan shall be immediately due and payable on the Maturity Date.

4. <u>Prepayment</u>. Borrower shall have the right, at its option, to prepay this Loan in full, as hereinafter provided. Borrower shall give ten (10) days prior written notice to Lender. Such written notice shall specify the amount to be paid which shall be in an aggregate equal to the entire principal balance of the Loan together with any accrued interest thereon and all other sums and costs advanced or incurred, and the date of prepayment, which shall be a business day. As used herein, the term "business day" means a day upon which Lender is open for business. Borrower shall pay to Lender on the date specified in such notice the amount to be prepaid. Upon the giving of such notice of prepayment, the amount of principal thereof, together with accrued interest thereon, specified for such prepayment, shall be and become payable on the date specified for prepayment in such notice.

5. <u>Late Charge</u>. If a payment is sixteen (16) days or more late, Borrower will be charged five percent (5%) of the regularly scheduled payment or $20.00, whichever is greater.

6. <u>Legal Tender</u>. Interest, principal and any other sums payable hereunder shall be payable in lawful money of the United States of America to Lender at the address set forth above, or at such other place as Lender, from time to time, may designate in writing.

7. <u>Calculations of Interest</u>. Throughout the Loan Term, both before and after any default, interest on the outstanding principal balance of the Loan shall be calculated on a 360 day year but charged on the basis of actual number of days elapsed in any calendar year or part thereof.

8. <u>Escrows</u>. In the Event of Default and if requested by Lender, Borrower shall make monthly payments in amounts sufficient to cover one-twelfth (1/12) of the annual real estate taxes on the Mortgaged Premises as improved to permit the payment of such taxes as and when they become due. Lender shall have the right to increase the tax escrow payments, if Lender deems it warranted, at any time during the Loan Term. In addition, if requested by Lender, Borrower shall pay one-twelfth (1/12) of the fire and extended coverage insurance premiums on the Mortgaged Premises as improved, and replacement reserves, which amounts shall be held in escrow by Lender for the payment of such replacements or insurance as and when they become due. No interest shall be payable on these escrowed funds. If Lender does not direct Borrower to establish an escrow account as aforesaid, then within thirty (30) days after the respective due dates thereof, Borrower shall provide Lender, at Lender's option, with proof of payment of all real estate taxes levied against the Mortgaged Premises and all insurance premiums required by the terms of the Loan Documents.

9. <u>Events of Default</u>. Each of the following is an event of default (an "Event of Default") under this Note: (a) after ten (10) days written notice from Lender, if Borrower defaults in the payment of any installment of principal or interest or other sum payable hereunder after the day on which the payment is due; (b) after thirty (30) days written notice, if there occurs any event of default under or specified in the Mortgage or any of the other Loan Security Documents, and such default continues after the expiration of the applicable notice and grace periods, if any, provided therein; and/or (c) if any proceeding under the Bankruptcy Code or any law of the United States or of any State relating to insolvency, receivership, or debt adjustment is instituted by Borrower, or if any such proceeding is instituted against Borrower and is consented to by the respondent or remains

{M:\CLIENTS\33031\0000 E0380002:2}

-4-

A00004

undismissed for forty-five (45) days, or if relief in bankruptcy is granted to Borrower or if a trustee or receiver is appointed for any substantial part of the property of any thereof, and such appointment shall not have been vacated within forty-five (45) days thereafter, or if Borrower makes an assignment for the benefit of creditors, admits in writing an inability to pay debts generally as they become due or becomes insolvent.

10. <u>CONFESSION OF JUDGMENT</u>. UPON AN EVENT OF DEFAULT, BORROWER HEREBY IRREVOCABLY AUTHORIZES ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR BORROWER, WITH OR WITHOUT COMPLAINTS FILED, AND CONFESS JUDGMENT OR JUDGMENTS FOR THE UNPAID PRINCIPAL BALANCE OF THE LOAN, ALL ACCRUED INTEREST, ALL ADDITIONAL INTEREST, AND ALL SUMS OR COSTS ADVANCED, INCURRED OR OTHERWISE OUTSTANDING PURSUANT TO THE TERMS OF THE LOAN, TOGETHER WITH THE COSTS OF SUIT AND ATTORNEY'S COMMISSION AS HEREINAFTER PROVIDED AGAINST BORROWER IN FAVOR OF THE LENDER, ITS SUCCESSORS AND ASSIGNS. THE AUTHORITY HEREIN GRANTED TO CONFESS JUDGMENT SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL FULL PAYMENT OF ALL AMOUNTS DUE HEREUNDER IS MADE. BORROWER AGREES THAT ANY REAL ESTATE THAT MAY BE LEVIED UPON PURSUANT TO A JUDGMENT OBTAINED BY VIRTUE HEREOF, OR ANY WRIT OF EXECUTION ISSUED THEREON, MAY BE SOLD UPON ANY SUCH WRIT IN WHOLE OR IN PART, IN ANY ORDER DESIRED BY THE LENDER.

11. <u>Remedies</u>. Upon any Event of Default, the entire unpaid principal balance of the Loan, together with all accrued interest and all other sums owing hereunder or under the Mortgage shall, at the option of Lender, become immediately due and payable, without presentation, demand or further action of any kind. The failure of the Lender to accelerate the outstanding principal balance of the Loan upon the occurrence of any Event of Default hereunder shall not constitute a waiver of such Event of Default, or any default, or of the right to accelerate the Loan at any time thereafter.

{M:\CLIENTS\33031\0000 H0380002;2}

Upon an Event of Default, upon maturity or upon acceleration of the outstanding principal balance of the Loan, interest shall continue to accrue thereafter at a rate (the "Default Rate") equal to four percent (4.00%) per annum in excess of the Applicable Interest Rate, but not to exceed the highest rate permitted by law.

If Lender retains the services of counsel in order to cure any Event of Default or to enforce a remedy under this Note or any other Loan Security Document, attorney's fees which are reasonable and actually incurred by Lender shall be payable by Borrower to Lender and shall be secured by the Mortgage. Borrower shall pay the cost of the title search and all other costs incurred by Lender in connection with proceedings to recover any sums due hereunder. Borrower shall also pay any reasonable charge of Lender in connection with the satisfaction of this Judgment Note and/or the Mortgage of record.

Borrower and all endorsers of this Note severally waive the benefit of any laws which now or hereafter might otherwise authorize the stay of any execution to be issued on any judgment recovered on this Note, or the exemption of any property from levy and sale thereunder. Borrower waives and releases unto Lender and said attorney all errors, defects and imperfections whatsoever of a procedural nature in the entering of the said judgment or any process or proceedings relating thereto. Borrower waives the right of inquisition on all real estate, voluntarily condemns it, and agrees that the real estate may be sold on writ of execution.

Borrower waives presentment, demand, protest and notice of nonpayment. Borrower and all endorsers, and all others who may be liable for all or any part of the indebtedness evidenced by this Judgment Note consent to any number of renewals or extensions of the time of payment hereof without notice to any of those parties. The granting, without notice, of any extension of time for the payment of any sum due under this Judgment Note or the Mortgage or for the performance of any covenant, condition or agreement thereof, or the taking or release of other or additional security shall in no way release or discharge the liability of Borrower or any such endorsers, or such persons liable.

{M:\CLIENTS\33031\0000 H0380002:2}

-6-

A00006

The remedies of Lender as provided herein, or in the Loan Security Documents shall be cumulative and concurrent, and may be pursued singularly, successively, or together against Borrower, and/or the Mortgaged Premises at the sole discretion of Lender, and such warrants shall not be exhausted by any exercise thereof but may be exercised as often as occasion therefor shall occur; and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release of the same.

Lender shall not be deemed, by any act of omission or commission, to have waived any of its rights or remedies hereunder unless such waiver is in writing and signed by the Lender, and then only to the extent specifically set forth in writing. A waiver as to one event shall not be construed as a continuing waiver or as a bar to or waiver of any right or remedy as to a subsequent event.

12.    Usury.  Nothing herein contained nor any transaction related hereto shall be construed or shall operate either presently or prospectively to require Borrower (a) to pay interest at a rate greater than is now lawful in such case to contract for, but shall require payment of interest only to the extent of such lawful rate, or (b) to make any payments or do any act contrary to law, but if any clause or provision herein contained shall operate to invalidate this Note, in whole or in part, then such clause or provision only shall be invalidated as though not herein contained and the remainder of this Note shall remain operative and in full force and effect.

Any interest paid in excess of the lawful rate shall be refunded to Borrower. Such refund shall be made by application of the excessive amount of interest paid against any sums outstanding hereunder and shall be applied in such order as Lender may determine. If such excessive amount of interest paid exceeds the sums outstanding hereunder, the portion exceeding the said sums outstanding hereunder shall be refunded in cash by Lender. Any such crediting or refund shall not cure or waive any default by Borrower hereunder or under any of the Loan Security Documents. Borrower agrees, however, that in determining whether or not any interest payable hereunder exceeds the highest rate permitted by law, any non-principal payment (except payments specifically stated

{M:\CLIENTS\33031\0000 H0380002:2}

-7-

A00007

herein to be "interest"), including, without limitation, prepayment premiums and late charges, shall be deemed, to the extent permitted by law, to be an expense, fee, premium or penalty rather than interest.

13. <u>No Joint Venture</u>. Lender shall in no event be construed for any purpose to be a partner, joint venturer or associate of Borrower or any lessee, operator, concessionaire or licensee of Borrower in the conduct of their respective businesses.

14. <u>Notices</u>. All Notices shall be given to Borrower:

> Commonwealth Renewable Energy, Inc.
> One Fox Chapel Place
> 1090 Freeport Road
> Pittsburgh, PA 15238
> Attention: Stephen C. Frobouck

With a copy to:

> David J. Fasulo, Esquire
> Houston Harbaugh, P.C.
> Three Gateway Center
> 401 Liberty Avenue, 22nd Floor
> Pittsburgh, PA 15222

And to Lender:

> William E. Anderson
> 121 McCurdy Drive
> Pittsburgh, PA 15235

With a copy to:

> _____
> _____
> _____
> _____

Except as otherwise provided in this Note, all notices hereunder shall be in writing and shall be deemed to have been duly given for all purposes when delivered in person or when deposited in

{M:\CLIENTS\33031\0000 H0380002:2}

-8-

A00008

the mail as registered or certified, return receipt requested, postage prepaid, and directed to the party to receive the same at its address stated above or at such other address as may be substituted by notice given as herein provided.

15. <u>Successors and Assigns</u>. Borrower's obligations hereunder shall extend to and bind Borrower's successors and assigns. This Note is fully assignable by Lender.

16. <u>Applicable Law</u>. This Note is secured by a Mortgage on real estate situate in the Commonwealth of Pennsylvania and shall be deemed made under and governed by the laws of the Commonwealth of Pennsylvania in all respects, including matters of construction, performance and enforcement.

17. <u>Construction</u>. The term "Borrower" as used herein, if this instrument is signed by more than one party, shall mean the "Borrower and each of them" and each undertaking herein contained shall be their joint and several undertaking. If any party hereto shall be a partnership or corporation, the agreements and obligations on any part of the Borrower herein contained shall remain in force and applicable notwithstanding any changes in the individuals comprising the partnership or corporation and the term "Borrower" shall include any altered or successive partnerships or corporations; provided, however, that the predecessor partnerships or corporations and their partners or shareholders shall not thereby be released from any of their obligations and liabilities hereunder. If notes or agreements of guaranty and/or suretyship have been executed by other entities in connection with the Loan, the obligations and liabilities of the Borrower and all such other entities shall be joint and several.

The use of any gender shall include all genders.

Wherever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note or any portion thereof shall be prohibited by or invalid under such law, such provision shall be ineffective to the extent of such

{M:\CLIENTS\33031\0000 H0380002.2}

-9-

prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

The captions appearing in this Note are inserted solely for convenience of reference and shall not constitute a part of this Note, nor shall they in any way affect its meaning or construction.

18.   <u>Time of the Essence</u>.   Time is of the essence with respect to each and every provision of this Note.

<u>WARNING:</u> THIS DOCUMENT CONTAINS A PROVISION AUTHORIZING THE ENTRY OF JUDGMENT BY CONFESSION. THIS MEANS THAT JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT NOTICE OR A TRIAL. THIS COULD RESULT IN YOUR PROPERTY BEING SOLD BY THE SHERIFF IN ORDER TO SATISFY THIS JUDGMENT. BY EXECUTING THIS DOCUMENT YOU ACKNOWLEDGE THAT YOU HAVE READ AND UNDERSTOOD ALL OF THE TERMS AND PROVISIONS CONTAINED HEREIN, THAT YOU HAVE KNOWINGLY AND VOLUNTARILY CONSENTED TO ENTRY OF JUDGMENT BY CONFESSION, AND THAT YOU HAVE BEEN REPRESENTED BY AN ATTORNEY.

IN WITNESS WHEREOF, intending to be legally bound hereby, Borrower has executed these presents the day and year first above written.

ATTEST:

_____
Steven Savor, Jr., Secretary

BORROWER:

COMMONWEALTH RENEWABLE ENERGY, INC.

By: _____
Stephen C. Frobouck, President

COPY

{M:\CLIENTS\33031\0000 H0360002.2}

## Exhibit "A"

### LEGAL DESCRIPTION OF MORTGAGED PREMISES

All that certain parcel of land situate partly in the Township of Hempfield and partly in the Township of East Huntingdon, County of Westmoreland and Commonwealth of Pennsylvania being all of Lot 2B in the Plan of Subdivision for Westmoreland County Industrial Development Authority of record in Plan Book Volume 90, pages 291 to 295, being bounded and described as follows:

BEGINNING at a point on the westerly right of way line of L.R. 1015, said point being South 77° 30' 12" East 67.43 feet from the easterly right of way line of L.R. 64125; thence North 77° 30' 12" West 67.43 feet to a point on the northerly right of way of L.R. 64125; thence by a curve to the left having a chord bearing and distance of North 53° 54' 0'5" West, 1177.44 feet, a radius of 1482.38 feet and an arc length of 1210.81 feet to a point; thence North 77° 17' 55" West 2210.05 feet to a point; thence North 36° 59' 04" West 145.08 feet to a point; thence North 32° 11' 15" West 231.97 feet to a point; thence North 12° 49' 12" East 387.90 feet to a point; thence North 29° 31' 08" East 104.40 feet to a point; thence North 12° 49' 09" East 521.56 feet to a point; thence North 10° 36' 10" East 190.22 feet to a point; thence North 16° 49' 10" East 401.82 feet to a point; thence by a curve to the right having a chord bearing and distance of North 40° 41' 00" East, 288.14 feet, a radius of 356.12 feet and an arc length of 296.64 feet to a point; thence by a curve to the right having a chord bearing and distance of North 70° 14' 39" East, 256.65 feet, a radius of 1292.39 feet and an arc length of 257.07 feet to a point; thence South 53° 00' 29" East 132.32 feet to a point; thence by a curve to the right having a chord bearing and distance of North 89° 56' 36" East, 414.11 feet, a radius of 1192.89 feet and an arc length of 416.22 feet to a point; thence North 66° 50' 33" East 104.28 feet to a point; thence by a curve to the right having a chord bearing and distance of South 70° 06' 51" East, 259.27 feet, a radius of 1852.39 feet and an arc length of 259.74 feet to a point; thence South 65° 54' 22" East 84.12 feet to a point; thence by a curve to the right having a chord bearing and distance of South 48° 38' 26" East, 626.84 feet, a radius of 1719.86 feet and an arc length of 630.36 feet to a point; thence South 65° 19' 31" East 104.13 feet to a point; thence by a curve to the right having a chord bearing and distance of South 30° 14' 28" East, 302.38 feet, a radius of 1769.86 feet and an arc length of 302.72 feet to a point; thence South 21° 18' 27" East 384.87 feet to a point; thence South 09° 15' 34" West 83.53 feet to a point; thence South 19° 20' 55" East 700.00 feet to a point; thence South 38° 22' 02" East 177.96 feet to a point; thence South 19° 01' 29" East 1311.97 feet to the place of beginning.

CONTAINING 133.662 acres.

Being designated as part of tax parcel 47-04-00-0-067 and all of tax parcel 50-41-00-0-139.

{M:\CLIENTS\33031\0000 H0380002:2}

A00012

**36**