**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **COMMONWEALTH RENEWABLE ENERGY, INC.,** | Bankruptcy No. 14-22724-GLT |
| Debtor. | Chapter 11 |
| | Document No. |
| **RUTH F. ANDERSON and KATHY L. ANDERSON, as the executor of The ESTATE OF WILLIAM E. ANDERSON,** | Related to Doc. No. |
| | Hearing Date and Time: |
| Movants, | October 16, 2014 at 10:00 a.m. |
| vs. | |
| **COMMONWEALTH RENEWABLE ENERGY, INC.,** | |
| Respondent. | |

<u>**MOTION TO DISMISS CHAPTER 11 CASE**</u>

AND NOW, comes Ruth F. Anderson and Kathy L. Anderson, as executor of The Estate of William E. Anderson, the Movants herein, by and through their undersigned counsel, file the within **MOTION TO DISMISS CHAPTER 11 CASE**, and in support thereof, states as follows:

1.  The Movants are Ruth F. Anderson and Kathy L. Anderson, as executor of The Estate of William E. Anderson.

2.  The within case was commenced on July 3, 2014, when the Debtor filed the within Chapter 11 Bankruptcy Case. The initial business purpose of the Debtor was the construction and operation of an ethanol plant in Westmoreland County, Pennsylvania. Said plant has never been constructed

and there are no ongoing operations. In fact, the Movants aver that this is a single asset real estate case.

3. Contemporaneously with this Motion, the Movants are also filing a Motion for Relief from the Automatic Stay, and the averments of that Motion are incorporated herein by reference.

## JURISDICTION AND VENUE

4. This proceeding is a "core" proceeding over which this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

6. On November 21, 2006, the Debtor executed a Judgment Note (the "Note") in favor of William E. Anderson and Ruth F. Anderson, in the maximum principal amount of $20,000,000.00. A true and correct copy of the Note is attached hereto as **Exhibit A.**

7. Also on November 21, 2006, Mr. and Mrs. Anderson loaned the Debtor the principal amount of $7,022,428.37 (the "Loan"), under and pursuant to the terms of the Note.

8. To secure repayment of the Loan made to the Debtor pursuant to the Note, the Debtor also delivered to Mr. and Mrs. Anderson an Open-End Leasehold Mortgage and Security Agreement (the "Mortgage"), effective November 21, 2006. Through the Mortgage, the Debtor granted a first position mortgage lien on the premises described therein, which is the site of the former Sony plant (the "Mortgaged Premises"). The Mortgage was duly recorded in the

Office of the Recorder of Deeds of Westmoreland County at Instrument Number 20060061819.  A true and correct copy of the Mortgage is attached hereto as **Exhibit B.**

9.      The Loan Term, as defined in the Note, commenced on the date that the Note and Mortgage were executed and continued for six months thereafter (the "Maturity Date"), which Maturity Date was May 21, 2007.  If not paid sooner, the entire principal balance of the Loan, together with any accrued interest, was due and payable on the Maturity Date.

10.     Pursuant to the Note, the Debtor was required to make monthly payments of interest only on the outstanding principal amount of the Loan, beginning the first day of December, 2006, and to continue making said payments until all payments of principal and interest were paid in full.

11.     The Note matured on May 21, 2007, and the Debtor has failed and refused to pay the sums due thereunder, and in fact, as of the date of the filing of this Chapter 11 case, the Debtor owes in excess of $13.3 million to the Movants.

12.     The last payment made to the Movants occurred on August 6, 2007, and no payments have been made to the Movants' since that date, despite the entire amount of the loan being due and owing.

13.     Due to the Debtor's default, the Movant's filed a Complaint in Mortgage Foreclosure against the debtor in the Court of Common Pleas of Westmoreland County on or about October 26, 2010.

14.     This action has been stayed by the filing of the instant Chapter 11 case by the Debtor.

15. At the time the Debtor filed this Chapter 11 case, argument on the Movants' Motion for Summary Judgment was pending with the Court of Common Pleas of Westmoreland County and was scheduled for August 27, 2014, before the Honorable Christopher A. Feliciani. Said matter has been stayed given the filing of this case.

## THE DEBTOR'S SCHEDULES

16. The Debtor lists the following assets in its schedules:

    a. Real property located at 1119 Old Route 119 South, Mount Pleasant, Pennsylvania, with secured claims encumbering the property in an amount in excess of $33,000,000.00. The Debtor failed to provide any value for this property;

    b. A checking account at PNC Bank in the amount of $418,422.26;

    c. A receivable from Track Source Rail Services in the amount of $40,000.00;

    d. A receivable from Steven Savor, an insider of the Debtor, in the amount of $22,000.00;

    e. A receivable from the Frobouck Group, LLC, which is owned and operated by an insider of the Debtor, in the amount of $217.92;

    f. Miscellaneous office furniture valued at $2,000.00; and

    g. Machinery, fixtures, equipment and supplies used in the business valued at an allegedly unknown amount;

17. The Debtor's schedules identify the following liabilities:

    a. The Movants' claim in the amount of $11,000,000.00 secured by a first position mortgage on the Debtor's real estate, which claim the Debtor allegedly disputes;

    b. A claim in the amount of $11,000,000.00 secured by a mortgage in favor of an insider of the Debtor, Stephen Frobouck, which claim the Debtor allegedly disputes;

    c. A claim in the amount of $11,000,000.00 secured by a mortgage in favor of an insider of the Debtor, Steven Savor, Jr., which claim the Debtor allegedly disputes;

    d. A priority tax claim owed to E. Huntington Township in the amount of $14,316.15;

    e. A priority tax claim to Hempfield Township in the amount of $486,875.79;

    f. An unsecured claim owed to Frobouck Group, LLC, an entity owned and controlled by an insider of the Debtor, in the amount of $13.32; and

    g. An unsecured claim owed to Reserved Environmental Services, LLC, in the amount of $7,272.15, which creditor has the same address of the Debtor.

**RELIEF REQUESTED**

18. The Chapter 11 filing was in bad faith because it is solely a litigation tactic to stall, delay and forum shop regarding the foreclosure action pending before the Court of Common Pleas of Westmoreland County.

19. This case is in essence a single creditor case.

20. Mr. Savor and Mr. Frobouck, who are listed as secured creditors, have agreed to voluntarily release their mortgages on the real property because of lack of legitimacy of said mortgages. A true and correct copy of a letter from their lawyer, Kirk B. Burkley, which confirms that arrangement is attached hereto as **Exhibit C.**

21. As such, there is only one legitimate secured claim encumbering the real estate herein.

22. Furthermore, the unsecured claims are nominal in nature and held by insiders and/or affiliates of the Debtor.

23. The alleged priority tax claims also demonstrate the bad faith of the Debtor, which claims were purportedly incurred in 2013.

24. The Debtor asserts that it incurred those tax claims in 2013, and that said claims total $501,191.94.

25. This amount exceeds the amount of income the Debtor made in all of 2013 as disclosed on the Debtor's Statement of Financial Affairs, and likewise, the claims exceed the amount of income that the Debtor is on pace to receive in 2014.

26. As such, the Debtor has no prospects for putting forth a Plan of Reorganization, as it does not generate enough income for the payment of its tax obligations.

27. The instant Chapter 11 case involves nothing more than a dispute regarding the Movants' claim, and this case is merely a two party dispute.

28. 11 U.S.C. §305(a)(1) authorizes the Court to dismiss a case under the Bankruptcy Code if the interests of creditors and the debtor would be better served by such dismissal. *Lasalle Bus. Credit Inc. v. Toth*, 269 B.R. 587, 589 (Bankr. W. D. Pa 2001).

29. Furthermore, 11 U.S.C. §1112(b) permits dismissal of Chapter 11 cases which abuse the bankruptcy reorganization process, and Courts have included a good faith filing requirement for all cases. *Id.* at 589, 590; *citing First Jersey National Bank v. Brown*, 127 B.R. 108, 112 (D. N.J.1991); *In re SGL Carbon Corp.*, 200 F.3d 154, 162, n. 10 (3rd Cir. 1999)(good faith is a prerequisite to chapter 11 and debtor bears burden of proof once good faith is put at issue); *see also In re Business Information Co., Inc.*, 81 B.R. 382, 385 (Bankr. W.D. Pa. 1988).

30. Several courts have determined that the filing of a bankruptcy petition as a litigation tactic or to resolve what essentially amounts to a two party dispute is an indication of a bad faith filing. *In re Business Information Co., Inc.*, 81 B.R. 382, 385 (Bankr. W.D. Pa. 1988).

31. Among factors bearing on whether a Chapter 11 case should be dismissed as a "bad faith" filing are the following:

 (1) whether debtor has few or no unsecured creditors;

 (2) whether there has been a previous bankruptcy filing by debtor or related entity;

 (3) whether debtor's prepetition conduct has been improper;

(4) whether petition effectively allows debtor to evade court orders;

(5) whether there are only a few debts to non-moving creditors;

(6) whether petition was filed on eve of foreclosure;

(7) whether foreclosed property is sole or major asset of debtor;

(8) debtor's lack of ongoing business or employees;

(9) whether there is no possibility of reorganization;

(10) insufficiency of debtor's income for it to operate;

(11) lack of pressure from non-moving creditors;

(12) whether debtor's reorganization essentially involves resolution of two-party dispute;

(13) whether debtor is corporation that was formed and received title to its major assets immediately before petition was filed; and

(14) whether petition was filed solely to create automatic stay.

*In Re Stingfree Technologies, Co.* 427 B.R. 337 (E.D. Pa. 2010); *citing In re SB Properties, Inc.,* 185 B.R. 198, 205 (E.D. Pa 1995).

32. Numerous factors present in this case warrant the dismissal of this case. Those reasons include the following:

    a. The Debtor has virtually no unsecured creditors, and the two creditors listed have ties to insiders of the Debtor;

    b. Pre-petition the Debtor has contested the foreclosure action of the Movants, and often takes conflicting factual positons in an effort to continue to delay the pending foreclosure action, such as:

    i. Claiming that the Note and Mortgage at issue in the foreclosure action were in fact converted to a capital contribution in June of 2007;

    ii. Later, the Debtor alleged that the money loaned had always been a capital contribution, despite the fact that the loan documents state to the contrary;

    iii. The Debtor continued to allege the fact that the money loaned was a capital contribution despite the Debtor's tax returns for the years 2006 through 2008 classifying it as a loan;

    iv. It was only after the commencement of the mortgage foreclosure action that the Debtor's principals, Mr. Frobouck and Mr. Savor, amended the Debtor's 2011 tax return to classify their capital contribution from "paid in capital" to "loans from shareholders", and granted themselves mortgages on the Debtor's real estate;

c. There are few legitimate debts identified by the Debtor;

d. The Petition was filed only several weeks before the summary judgment hearing pending before the Westmoreland County Court of Common Pleas;

e. The property which is the subject of the foreclosure action brought by the Movants' is the major asset of the Debtor;

    f. Given the income information disclosed by the Debtor, there is a lack of ongoing business of the Debtor;

    g. The Debtor has no employees, or if there are any employees, there are very few other than insiders;

    h. Given the information in the schedules, there is no possibility of reorganization as the Debtor's income in 2013 wasn't even sufficient to pay its 2013 tax obligations;

    i. The only creditor that has been pursuing the Debtor has been the Movants;

    j. The Debtor's reorganization essentially involves the resolution of its dispute with the Movants;

    k. The Debtor appears to have filed this case for the sole purpose of staying the foreclosure proceedings, which case has been pending since 2010 and was finally nearing completion.

33. In *LaSalle Bus. Credit Inc. v. Toth,* this Court dismissed a Chapter 11 case initiated by the Debtor since the case was simply a two party dispute. In so doing, the Court stated:

> ". . . this is nothing more than a two-party dispute over a secured debt. LaSalle's entitlement to payment has been established in three prior bankruptcy cases (Covington's Rosinsky's, and Debtor's). Debtor has not established a need for reorganization. There is nothing about the situation that calls for the protection of the bankruptcy court. On facts such as these, the court finds that Debtor has not met her burden of establishing good faith. Thus, there is "cause" warranting dismissal of the chapter 11 case pursuant to *§1112(b)(1) of the Bankruptcy Code*. We do not need to determine whether this case is merely a delaying tactic by Debtor in an attempt to frustrate LaSalle's legitimate

collection of its collateral. Debtor and LaSalle can iron out their differences in an appropriate forum."

34. Similarly, in this case, there is a substantial first position mortgage of record filed in Westmoreland County. To the extent that the Debtor desires to dispute that Mortgage, which the Debtor has since 2010, that Court is the appropriate forum for resolving the dispute, and the Debtor does not require the protection of this Court in that dispute. *See also Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3rd Cir. 1985).

35. Alternatively, the Court should abstain from exercising jurisdiction over this case.

36. 11 U.S.C. §305 (a)(1) states:

  (a) The court, after notice and a hearing, may dismiss a case under this title [11 USCS §§ 101 et seq.], or may suspend all proceedings in a case under this title [11 USCS §§ 101 et seq.], at any time if—

    (1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

37. In the present case, all parties are best served by allowing the state court to continue with the ongoing proceedings to resolve the issues outstanding between the parties.

38. Not only is the Court of Common Pleas of Westmoreland County the most appropriate forum for resolution of the parties dispute, but it is also the most cost effective method for all parties, as the case is nearing conclusion. To permit this case to proceed will require the duplication of fees and costs for all parties involved.

39. Furthermore, the only other non-insider or non-affiliate creditors will

not be prejudiced in any manner by this Court abstaining from hearing this case.

WHEREFORE, Movants respectfully request that this Court grant this Motion to Dismiss Chapter 11 Case, together with any other relief this Honorable Court deems just and proper.

Respectfully submitted,

Date: August 26, 2014
/s/ Robert O Lampl
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. # 62297
DAVID L. FUCHS
PA I.D. # 205694
Counsel for the Movant
960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com

AND

STANLEY J. LEHMAN
PA I.D. # 31455
KAREN Y. BONVALOT
PA I.D. # 70575
SHERRARD, GERMAN & KELLY, P.C.
535 Smithfield Street, Suite 300
Pittsburgh, PA 15222
(412) 355-0200 (phone)
(412) 261-6221 (facsimile)
Emails:  sjl@sgkpc.com
         kyb@sgkpc.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **COMMONWEALTH RENEWABLE ENERGY, INC.,** | Bankruptcy No. 14-22724-GLT |
| Debtor. | Chapter 11 |
| | Document No. |
| **RUTH F. ANDERSON and KATHY L. ANDERSON, as the executor of The ESTATE OF WILLIAM E. ANDERSON,** | Related to Doc. No. |
| Movants, | Hearing Date and Time: October 16, 2014 at 10:00 a.m. |
| vs. | |
| **COMMONWEALTH RENEWABLE ENERGY, INC.,** | |
| Respondent. | |

**CERTIFICATE OF SERVICE**

I, Robert O Lampl, hereby certify that on the 26th day of August, 2014, a true and correct copy of the foregoing **MOTION TO DISMISS CHAPTER 11 CASE** and **NOTICE OF HEARING AND RESPONSE DEADLINE** was served upon the following, *(via Electronic Service and/or First-Class U.S. Mail):*

SEE ATTACHED COMPLETE CLERK'S OFFICE MAILING MATRIX, and

Joseph M. Fornari, Jr.
Office of the U.S. Trustee
1001 Liberty Avenue
970 Liberty Center
Pittsburgh, PA  15222

Paul J. Cordaro
Campbell & Levine LLC
1700 Grant Building
Pittsburgh, PA 15219

        */s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. # 62297
DAVID L. FUCHS
PA I.D. # 205694
Counsel for the Petitioning Creditor
960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com