## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| COMMONWEALTH RENEWABLE | ) | Bankruptcy No. 14-22724-GLT |
| ENERGY, INC., | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Document No. ___ |
| COMMONWEALTH RENEWABLE | ) | |
| ENERGY, INC., | ) | Hearing Date and Time: |
| | ) | |
| Movant, | ) | |
| v. | ) | Response Deadline: |
| | ) | |
| NO RESPONDENT. | ) | |

### SECOND MOTION OF THE DEBTOR TO EXTEND THE PERIOD
### IN WHICH THE DEBTOR HAS THE EXCLUSIVE RIGHT TO
### OBTAIN ACCEPTANCE OF ITS PLAN PURSUANT TO SECTION 1121(d)(1)

AND NOW, comes the debtor, Commonwealth Renewable Energy, Inc. (the "Debtor"),

and files its Second Motion to Extend the Period in which the Debtor has the Exclusive Right to

Obtain Acceptance of Its Plan Pursuant to Section 1121(d)(1), (the "Motion"), and in support

thereof, respectfully avers as follows.

### GENERAL BACKGROUND

1.      On July 3, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor

continues to operate its business and manage its property as a debtor-in-possession.

3.      No trustee, examiner, or official committee of unsecured creditors has been

formed or appointed in the captioned case.

## JURISDICTION, VENUE & STATUTORY PREDICATE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for this Motion is § 1121(b) of the Bankruptcy Code.

## DEBTOR'S PLAN & ANDERSON MOTIONS

5.      On October 29, 2014, the Debtor filed its Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan") along with its Disclosure Statement in connection with the Plan (the "Disclosure Statement").

6.      On November 3, 2014, this Court entered an Order and Notice for Hearing on Disclosure Statement scheduling December 2, 2014 as the last date to file and serve objections to the Disclosure Statement, and scheduling a hearing to consider approval of the Disclosure Statement on December 9, 2014, at 10:00 a.m.

7.      Due to the various motions filed by the Anderson parties (the "Anderson Motions")[1], the hearing on the Disclosure Statement has been continued on numerous occasions. Most recently, on March 2, 2015, the Court continued generally the hearings on the Disclosure Statement and certain of the Anderson Motions so that an evidentiary hearing on the Andersons' Motion for Relief from Stay could be held [Doc. No. 153].

---

[1] The Court continued generally the following matters pending the Court's determination of the Motion for Relief from Stay [Doc. No. 39]; (1) Motion to Dismiss Case [Doc. No. 43]; (2) Disclosure Statement Relating to the Debtor's Plan of Reorganization Dated October 29, 2014 [Doc. No. 79]; (3) Motion to Appoint Trustee [Doc. No. 94]; (4) Motion for Remand to the Court of Common Pleas-Allegheny County [Adv. No. 14-02199-GLT, Doc. No. 12]; (5) Motion for Remand to the Court of Common Pleas-Allegheny County [Adv. No. 14-02200-GLT, Doc. No. 10]

{C0408534.1 }

## RELIEF REQUESTED

### Extension of Exclusive Period to Solicit Votes on the Plan.

8.     By this Motion, the Debtor requests that this Court grant a general extension of

the Exclusivity Period, but without prejudice to any creditor, committee or other party-in-interest

seeking to terminate the Exclusivity Period and in no event would the Exclusivity Period extend

beyond the date that is 20 months after the Petition Date (as such deadline is set forth in

Bankruptcy Code § 1121(d)(2)(B).

9.     Section § 1121(b) of the Bankruptcy Code provides the Debtor the exclusive right

to file a plan of reorganization until one hundred twenty (120) days after the Order for Relief

Date (October 31, 2014 in this case), and if timely filed, another sixty (60) days (December 30,

2014 in this case, which deadline was extended to March 30, 2015 by this Court's Order dated

January 13, 2015 [Doc. No. 132]) to solicit acceptances to any such plan (collectively, the

"Exclusivity Period").  During the Exclusivity Period, no creditor, committee or other party-in-

interest may file or solicit acceptances of a plan of reorganization.

10.     The purpose of the Exclusivity Period is to give debtors a reasonable time to

obtain confirmation of a plan without the threat of a competing plan.  See, e.g., In re Mother

Hubbard, Inc., 152 B.R. 189 (Bankr. W.D. Mich. 1993).

11.     Pursuant to §1121(d) of the Bankruptcy Code, the Bankruptcy Court may extend

the Exclusivity Period for cause for a period not to exceed 18 months after the Petition Date.

The decision to extend the Exclusivity Period is within the discretion of the Bankruptcy Court

and based upon the facts and circumstances of each case.  See e.g. In re Adelphia

Communications Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006).

12.    Among the factors typically considered by courts in finding cause to extend the Exclusivity Periods are the following: (i) The size and complexity of the cases; (ii) the necessity for sufficient time to negotiate a plan and prepare adequate information; (iii) the existence of good faith progress toward reorganization; and (iv) whether creditors will be prejudiced by the requested extension. See In re Friedman's, Inc., 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

13.    Here, the Debtor timely filed the Plan inside the Exclusive Period and was prepared to move forward at the hearing on the Disclosure Statement, but the hearing has been continued on numerous occasions with the consent of the interested parties.  Most recently, the Court has generally continued the hearing on the Disclosure Statement pending the Court's determinations on the Andersons' Motion for Relief from Stay.

14.    The Debtor is not using the request for an extension as a tactical devise to put pressure on creditors to unwillingly yield to a proposed plan.  To the contrary, the Debtor is seeking this extension so that the trial can resolve issues that will affect the Debtor's ability to move forward with the Plan.

15.    This request for an extension is made in good faith and in furtherance of the Debtor's reorganization efforts.  Moreover, the Debtor's creditors will not be prejudiced by the requested extension.

WHEREFORE, the Debtor respectfully requests this Court enter an Order generally extending the Exclusivity Period, provided however, nothing in such extension Order:  (a) would prevent or restrict a creditor, committee or other party-in-interest from filing a motion seeking to terminate the Exclusivity Period, and (b) will extend the Exclusivity Period beyond the date that is 20 months after the Petition Date.

Respectfully submitted,

Dated: March 5, 2015
      Pittsburgh, Pennsylvania

By: /s/ Paul J. Cordaro
Paul J. Cordaro, Esq.
PA I.D. No. 85828
pjc@camlev.com
Adam M. Levine, Esq.
PA I.D. No. 313797
aml@camlev.com
CAMPBELL & LEVINE, LLC
310 Grant Street
1700 Grant Building
Pittsburgh, PA 15219
Tel: (412) 261-0310
Facsimile: (412) 261-5066

*Counsel to the Debtor*