FILED
4/18/16 11:11 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Case No. 14-22724-GLT |
| : | Chapter 11 |
| **COMMONWEALTH** : | |
| **RENEWABLE ENERGY, INC.**, : | |
| Debtor. : | |
| : | |
| **RUTH F. ANDERSON** and : | Related to Dkt. No. 353 |
| **KATHY L. ANDERSON**, as the executor of : | |
| the **ESTATE OF WILLIAM E. ANDERSON**, : | |
| Movants, : | |
| v. : | |
| **COMMONWEALTH** : | |
| **RENEWABLE ENERGY, INC.**, : | |
| Respondent. : | |

## MEMORANDUM OPINION

This matter is before the Court upon a *Motion for Reconsideration of Order Denying Motion to Appoint Chapter 11 Trustee* (the "Motion for Reconsideration") filed by Ruth F. Anderson and Kathy L. Anderson as executor of the estate of William E. Anderson (together, the "Andersons").[1] The *Motion for Reconsideration* asks the Court to revisit its February 11, 2016 *Order* (the "February 11 Order") which denied the Anderson's *Motion to Appoint Chapter 11 Trustee*.[2] The Debtor, Commonwealth Renewable Energy, Inc. ("Commonwealth"), filed an

---

[1]   Dkt. No. 353.

[2]   Dkt. No. 94.

objection to the *Motion for Reconsideration* which was joined by creditors Stephen Frobouck and Steven Savor, Jr.[3]

### A.

Although the Andersons seek reconsideration of this Court's *February 11 Order* denying their request for a chapter 11 trustee, they fail to advise the Court of the legal authority to support their motion. Because the *Motion for Reconsideration* was filed within fourteen days of entry of the *February 11 Order*, the Court may address the motion under Fed. R. Civ. P. 59(e), which is made applicable in bankruptcy cases by Fed. R. Bankr. P. 9023.[4]

Granting or denying a reconsideration motion is within the bankruptcy court's discretion.[5] The mere dissatisfaction with a court's ruling is not a proper basis for reconsideration.[6] As a result, motions seeking reconsideration should not "relitigate issues already resolved by the court . . . [or] advance additional arguments which could have been made by the movant before judgment."[7] Due to the Court's interest in preserving finality, motions for reconsideration should be granted sparingly.[8]

---

[3] Dkt. Nos. 370, 372.

[4] Rankin v. Heckler, 761 F.2d 936, 942 (3d Cir. 1985); In re Reinert, 2014 WL 2442296, at *5 (Bankr. W.D. Pa. May 30, 2014); see also In re Grigg, 2013 WL 5310207, at *1 (Bankr. W.D. Pa. Sept. 20, 2013) ("A motion questioning the correctness of the judgment and seeking to re-litigate the original issue is made pursuant to Fed. R. Civ. P. 59(e).").

[5] Hudson United Bank v. Litenda Mortg. Corp., 142 F.3d 151, 160 (3d Cir. 1997).

[6] Holbrook v. Woodham, 2007 WL 2071618, at *1 (W.D. Pa. July 13, 2007) (citing Velazquez v. UPMC Bedford Mem'l Hosp., 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004)).

[7] Foster v. Westchester Fire Ins. Co., 2012 WL 2402895 at *4 (W.D. Pa. June 26, 2012) (citing Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part 57 F.3d 270 (3d Cir. 1995)); In re Smalis, 2015 WL 9957186, at *4 (Bankr. W.D. Pa. Sept. 15, 2015 ) ("Motions for reconsideration are not intended to reargue matters which have been raised and disposed of by the court, to re-litigate a matter with which a litigant simply disagrees, or to present new arguments and/or evidence which could have been presented previously.")

[8] American Beverage Corp. v. Diageo North America, Inc., 2013 WL 4010825 at *1 (W.D. Pa. Aug. 6, 2013) (citing Rottmund v. Cont'l Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992)).

A proper Rule 59(e) motion may be based only on one of three grounds: (1) the existence of new evidence not previously available; (2) an intervening change in the controlling law; or (3) to correct a clear error of law or prevent a manifest injustice.[9] In the *Motion for Reconsideration*, the Andersons neither allege the existence of new evidence nor show an intervening change in the law. Therefore, the Court will examine whether the motion convincingly shows that a manifest injustice occurred. This last standard presents a "very high hurdle to leap over" for the moving party.[10] Although the Third Circuit has not addressed the meaning of "manifest injustice" as used in Rule 59(e), district courts in this Circuit have adopted the Black's Law Dictionary definition which describes it as "[a] direct, obvious, and observable error in a trial court[.]"[11]

The *Motion for Reconsideration* does not contain the words "manifest injustice," nor does it accuse the Court of committing a direct, obvious, or observable error. Rather, the Andersons appear to revive all of the arguments raised in their original motion for the appointment of a chapter 11 trustee: allegations of self-dealing by Frobouck and Savor, breaches of fiduciary duties, failure to market the bankruptcy estate's primary asset, and Commonwealth's inability to confirm either a plan of reorganization or liquidation.[12] These contentions were exhaustively asserted by the Andersons in their original motion and in the oral arguments which

---

[9] Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013).

[10] In re Pittsburgh Corning Corp., 2013 WL 5994979 at *3 (Bankr. W.D. Pa. Nov. 12, 2013).

[11] BLACK'S LAW DICTIONARY 1107 (10th ed. 2014); Brown v. Zickefoose, 2011 WL 5007829, at *2 n.3 (D.N.J. Oct. 18, 2011); Conway v. A.I. duPont Hosp. for Children, 2009 WL 1492178, at *6 n.8 (E.D. Pa. May 26, 2009). See also In re Roemmele, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be 'so patently unfair and tainted that the error is manifestly clear to all who view [it.]'") (quoting Conway, 2009 WL 1492178, at *6 n.8).

[12] See Dkt. No. 94.

3

followed. The Court fully considered each of these points but determined that there was no basis to appoint a trustee.

By almost all standards, the *Motion for Reconsideration* is an attempt at the classic second bite of the apple, a litigation tactic that has almost universal opprobrium.[13] The Court would ordinarily be justified in denying the *Motion for Reconsideration* on this basis alone. However, the Andersons have repackaged their requested relief on the basis of growing "acrimony" between the parties, as evidenced by a failed mediation which occurred after the motion was filed but before the Court heard oral argument. The Andersons now argue that, despite two separate attempts at mediation, the parties are incapable of reaching a settlement. They contend that, without the intervention of an independent trustee, the assets cannot be liquidated and no further progress will be made in the case.

The Court recognizes the considerable effort expended by the parties in their most recent attempt to mediate this dispute following the entry of the *February 11 Order*. According to the mediator's report, the parties participated in three mediations sessions and several conference calls spanning the course of five weeks, but were unable to resolve their differences.[14] Recognizing that case law exists within this district to justify the appointment of a trustee when there is excessive dissent among the parties, the Court will consider whether the failed mediation demonstrates a sufficient level of acrimony to necessitate the appointment of a chapter 11 trustee.

---

[13] Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (Rule 59(e) "may not be used to relitigate old matters."); Bhatnagar by Bhatnagar v. Surrendra Overseas, 52 F.3d 1220, 1231 (3d Cir. 1995) ("Whatever other circumstances may justify reconsideration, mere presentation of arguments or evidence seriatim does not."); In re Smalis, 2015 WL 9957186, at *4; Oto v. Metro. Life Ins. Co., 224 F.3d 601 (7th Cir. 2000) (Manifest error is not demonstrated by the disappointment of losing party.).

[14] Dkt. No. 382.

**B.**

Section 1104(a)(1) of the United States Bankruptcy Code provides for the appointment of a trustee upon a finding of cause, "including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management."[15] This list is not exhaustive, and the Court may appoint a trustee in other warranted circumstances.[16] Alternatively, section 1104(a)(2) provides for the appointment of a trustee "if such appointment is in the interests of creditors, any equity security holders and other interests of the estate."[17] If the Court determines that grounds exist under section 1104(a)(1) or (2), the appointment of a trustee is mandatory.[18]

The party moving for the appointment of a trustee must demonstrate the need for a trustee under section 1104 by clear and convincing evidence.[19] However, the determination of whether the moving party has satisfied its burden under either subsection is committed to the Court's discretion.[20] In finding that cause exists, the bankruptcy court has the necessary discretion to determine if the debtor-in-possession's conduct "rises to a level sufficient to warrant the appointment of a trustee."[21] This discretionary authority is consistent with the

---

[15] 11 U.S.C. § 1104(a)(1).

[16] See 11 U.S.C. § 102(3) (The Bankruptcy Code's use of the words "includes" and "including" are "not limiting.").

[17] 11 U.S.C. § 1104(a)(2).

[18] In re W.R. Grace & Co., 285 B.R. 148, 153 (Bankr. D. Del. 2002).

[19] G-I Holdings, 385 F.3d at 317-18 (citing In re Marvel Entm't Group, Inc., 140 F.3d 463, 473 (3d Cir. 1998) and In re Sharon Steel Corp, 871 F.2d 1217, 1226 (3d Cir. 1989)).

[20] Marvel, 140 F.3d at 471; Sharon Steel, 871 F.2d at 1225-26. Later, the Third Circuit described this as "broad discretion." In re G-I Holdings, Inc., 385 F.3d 313, 321 (3d Cir. 2004).

[21] Marvel, 140 F.3d at 472 (citing Comm. of Dalkon Shield Claimants v. A.H. Robins Co., 828 F.2d 239, 241 (4th Cir. 1987)).

"policy of flexibility" of the Bankruptcy Code's mandate of protecting creditors while providing the debtor a second chance.[22]

The appointment of a chapter 11 trustee is an "extraordinary remedy" and there is a "strong presumption" that the debtor should be permitted to remain in possession.[23] Accordingly, decisions regarding the appointment of a trustee "must be made on a case-by-case basis."[24]

In the Marvel Entm't Group, Inc. case, the Third Circuit determined that cause existed to appoint a chapter 11 trustee where there was sufficient evidence of acrimony between the parties. The Third Circuit affirmed the district court's finding of "deep seeded conflict and animosity" between the debtor and creditors and a lack of confidence of all creditors in the debtor.[25] The United States Trustee represented that "the parties seem to be unable to reach a compromise and . . . have failed to demonstrate any ability to resolve matters cooperatively."[26] The Third Circuit explained that the appointment of a trustee may be appropriate "when the inherent conflicts extend beyond the healthy conflicts that always exist between [a] debtor and creditor, or . . . when the parties 'begin working at cross-purposes.'"[27]

---

[22] Marvel, 140 F.3d at 472.

[23] Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d 548, 577 (3d Cir. 2003). Sharon Steel, 871 F.2d at 457 ("The appointment of a [t]rustee in a [c]hapter 11 case is an extraordinary remedy which should not be granted lightly, as it may impose a substantial financial burden on a hard-pressed debtor seeking relief under the Bankruptcy Code." (quoting In re Parker Grande Dev, Inc., 64 B.R. 557, 560 (Bankr. S.D.Ind. 1986))).

[24] Sharon Steel, 871 F.2d at 1226.

[25] Marvel, 140 F.3d at 471.

[26] Id. at 472.

[27] Id. at 472-73.

When faced with similar requests for a trustee based on the acrimonious relationship between a debtor and its creditors, this Court has reached varied conclusions, highlighting the need to evaluate each situation on a case-by-case basis. In the case of BG Petroleum, LLC, creditors sought to appoint a trustee to displace the debtor from control over a disputed ground lease. The Court denied the appointment of a trustee based upon, among other reasons, the fact that the requesting creditors had other remedies available to alleviate the acrimony.[28] In contrast, however, in the case of Shubh Hotels Pittsburgh, the Court appointed a trustee for the purpose of dispelling the high level of animosity and acrimony between the debtor and its lender which threatened to bury the case in litigation costs absent a change in direction.[29]

After consideration of the record in this case, the Andersons have not met their burden of demonstrating cause for the appointment of a chapter 11 trustee by clear and convincing evidence. It is undisputed that a certain degree of acrimony exists between the Andersons and Commonwealth's principals, Frobouck and Savor. Indeed, the parties were afforded ample opportunities to reach a consensual resolution with the assistance of an experienced mediator, but they failed to reach an agreement.[30] Although the Court is surprised by this result given the amount of time invested by the parties and the seemingly uncomplicated nature of the dispute, it nonetheless remains that settlements do not always occur in every case. While the inability to resolve this matter is undoubtedly frustrating to the Andersons, the appointment of a trustee on the sole basis that the parties were unable to effectuate a settlement

---

[28]  In re BG Petroleum, LLC, 525 B.R. 260, 263 (Bankr. W.D. Pa. 2015). The motion was denied without prejudice to allow the movant to refile if it discovered evidence of fiduciary breaches by the debtor.

[29]  In re Shubh Hotels Pittsburgh, LLC, 2011 WL 7145601, at *4 (Bankr. W.D. Pa. Feb. 1, 2011).

[30]  The Court initially authorized a pre-trial mediation which occurred in December 2014. Dkt. No. 123. Following the issuance of its Memorandum Opinion dated November 4, 2015 which granted the Andersons relief from the automatic stay, the Court accommodated the parties' request for additional time to conduct informal settlement discussions through December 2015. Dkt. No. 250. Most recently, the parties returned to mediation in February 2016. Dkt. No. 308.

is, without more, an unnecessarily punitive measure. This is especially true when the mediator has not challenged the good faith participation of the parties, nor has the current rancor extended "beyond the healthy conflicts that always exist between debtor and creditor."[31]

The Court also finds it significant that the existing acrimony does not impair the interests of other creditors. This case has always been a two-faction dispute, pitting the Andersons against Frobouck and Savor. While both sides have engaged in extensive litigation at an undoubtedly high cost, it is a burden that they alone will bear. The absence of any meaningful third-party creditors or parties in interest distinguishes this case from Marvel and Shubh because a trustee is not needed to preserve value for those on the periphery of the dispute.

The Andersons also have not established any other grounds for "cause" under section 1104(a)(1). At this stage, there is no evidence to suggest that Commonwealth, as a debtor-in-possession, has not acted within its fiduciary obligations under the Bankruptcy Code. As a non-operating entity, the only revenues Commonwealth receives are from a real property lease. Those funds have been accounted for and it appears that all disbursements made to date have been reasonable and appropriate. Although the Andersons maintain that a viable corporate usurpation claim has not been pursued against Frobouck and Savor, Commonwealth alleges that it evaluated the claim and found it lacking any merit. To the extent the Andersons seek to have these claims preserved, they can do so without resorting to a trustee.[32]

---

[31] Marvel, 140 F.3d at 472.

[32] Among other alternatives, the Andersons could propose their own liquidating plan of reorganization that assigns the usurpation claims to an entity that will prosecute them for the benefit of creditors. The Andersons also filed a derivative action with respect to these claims which (subject to a motion to remand) remains pending in this Court at Adv. No. 14-02200-GLT.

With respect to the requirements of section 1104(a)(2), the Andersons assert that this subsection authorizes the "appointment of a trustee even when no 'cause' exists."[33] The Andersons provide no explanation to support a finding under section 1104(a)(2), but the statute expressly provides for the appointment of a trustee when it is in the "interests of creditors, any equity security holders, and other interests of the estate."

The Andersons primarily seek the appointment of a trustee to pursue a sale of Commonwealth's real property. Although a sale has yet to occur, nothing in the record suggests that the lack of a sale agreement is attributable to the actions or inactions of Commonwealth or its principals. Rather, the property has been listed by a reputable commercial real estate brokerage firm, and no credible complaints about the marketing process have been raised. Since nearly two years have passed without a suitable offer, and considering that Commonwealth has not made any payments on their underlying debt during that time, the Andersons have become understandably impatient. Nevertheless, this does not justify the appointment of a trustee, particularly when there is no assurance the trustee will fare any better in procuring an acceptable sale.

The Court is unwilling to appoint a trustee under section 1104(a)(2) when other suitable remedies exist for the complaining parties. In this instance, the Andersons have at least three other options available to address their perceived needs. Currently pending before the Court is the Andersons' motion to dismiss the case and a second motion for relief from the automatic stay. Both motions, if granted, would afford the Andersons the ability to enforce their rights against Commonwealth in state court. A third option, which the Andersons have discounted, is to propose their own plan of liquidation now that Commonwealth's period of exclusivity has expired. Until these alternatives are proven unviable, the Court finds that the cost

---

[33] Dkt. No. 353 at ¶ 14 (quoting Sharon Steel, 871 at 1226).

associated with a chapter 11 trustee outweighs any potential benefit, thereby precluding an appointment based solely on the interests of creditors, equity security holders, and the estate.

### C.

Based upon the foregoing, the Court concludes that the Andersons have not shown by clear and convincing evidence that sufficient grounds exist to appoint a chapter 11 trustee for Commonwealth. The *Motion for Reconsideration* is denied.

An appropriate order will be issued.

Dated: April 18, 2016

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE